IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 12-cv-00806-LTB-CBS

SKS INVESTMENTS LTD., CORP.,

        Plaintiff,

v.

GILMAN METALS COMPANY, LLC, a Colorado limited liability company; and
RICHARD GALVIN,

        Defendants.
_____

ORDER
_____

        This matter is before me on a Motion for Judgment on the Pleadings on Breach of Contract Claim filed by Plaintiff SKS Investments Ltd., Corp., seeking judgment in its favor on its First Claim for Relief against Defendant Gilman Metals Company, LLC. **[Doc # 12]** Oral argument would not materially assist me in the determination of this motion. For the following reasons, I GRANT IN PART and DENY IN PART the motion, and I ENTER PARTIAL JUDGMENT in favor of Plaintiff SKS Investments, pursuant to Fed. R. Civ. P. 12(c), on its breach of contract claim.

### I.  RULE 12(c) STANDARDS

        A Fed. R. Civ. P. 12(c) motion on the pleadings is designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the case can be achieved by focusing on the content of the pleadings. A Rule 12(c) motion is generally treated in the same manner as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a

claim upon which relief can be granted. *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000). Therefore, when considering a motion for judgment on the pleadings, I must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, Pa.*, 442 F.3d 1239, 1244 (10th Cir. 2006); *see also Ramirez v. Wal-Mart Stores, supra,* 192 F.R.D. at 304 (*citing Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d Cir. 1998)). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009)((*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Park Univ. Enterprises v. Am. Cas. Co. of Reading, supra,* 442 F.3d at 1244 (*quoting United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)).

A plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. *See* 5C Charles Alan Wright et al., Federal Practice and Procedure § 1368 (3d ed. 2004)(describing the legal standard applicable for Rule 12(c) motions filed by either a plaintiff or a defendant). Matters outside the pleadings should be excluded from the Court's analysis unless the Court, in its discretion, treats the motion as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(c); 5C Charles Alan Wright et al., Federal Practice and Procedure § 1371 (3d ed. 2004).

## II.  MOTION

It is undisputed that in October of 2008, Gilman Metals executed three documents – a Loan Agreement, a Security Agreement, and a Promissory Note – that obligated it, among other things, to: 1) repay SKS Investments a $300,000.00 loan (with 5% interest) in October 2009; 2) pay to SKS Investments 10% of the net profits it received from an investment deal known as the Medium Term Notes Trading Program (the "MTN" Program); and 3) file a UCC-1 Statement in Colorado to perfect a security interest in favor of SKS Investments in a barrel of mineral ore concentrate.  In its complaint, SKS Investments avers that Gilman Metals has breached all three of these contractual obligations, resulting in damages. [Doc # 1]

In its answer, Gilman Metals denies that "it did not uphold its end of the bargain" and denies that SKS Investments was damaged. [Doc #10]  However, Gilman Metals concedes and does not dispute that it failed to perform on the alleged contractual obligations.  Rather, it asserts, in its "First Defense" that "the $300,000 was not paid because of the nonperformance of third parties . . ." [Doc #10, ¶ 17], and in its "Fifth Defense" that "Plaintiff's claims are barred in whole or in part by third parties' failure to perform with respect to the 'MTN" program."  [Doc # 10, ¶ 38].  Therefore, in response to this motion, Gilman Metals argues that judgment on the pleadings is not appropriate with regard to its failure to re-pay the $300,000 or to pay 10% profits to SKS Investments, because it has plead that such failure to perform is barred by the "non-performance of third parties."  *See Town of Fraser v. Davis,* 644 P.2d 100, 101 (Colo. App. 1982)(the affirmative defense of impossibility is actually "impracticability which is determined by whether an unanticipated circumstance has made performance of the promise vitally different from what should reasonably have been within the contemplation of both parties when they

entered into the contract," adopting Restatement (Second) of Contracts §266(2)).  With regard to its failure to file the UCC-1 on the barrel of mineral ore concentrate, Gilman Metals argues that SKS Investments does not indicate what damages the failure to file caused, and SKS Investments failed to mitigate any damages in that it could have itself filed the UCC-1 pursuant to Colo. Rev. Stat. § 4-9-509.

### III. ANALYSIS

As an initial matter, I note that Gilman Metal attaches to its response an affidavit from its managing member indicating that it became impossible for Gilman Metals to pay any moneys to SKS Investments because a third party failed to perform on an agreement to trade – and perhaps absconded with – a medium term note instrument, the proceeds of which would have been paid to SKS Investments.  As a Rule 12(c) motion on the pleadings, however, I am not to consider materials beyond the pleadings unless I convert the motion to one for summary judgment.

Nonetheless, even considering and construing the affidavit in Gilman Metal's favor, I agree with SKS Investments that while the affirmative defense raised by Gilman Metals may be applicable to the 10% net profits from the "MTN" Program, it does not provide legal justification for the undisputed fact that Gilman Metals had failed to repay the $300,000 loan.  Gilman Metal has admitted to executing the relevant Promissory Note and receiving the $300,000 loan from SKS Investments, and that it has failed to repay the loan – due October 2009 – despite SKS Investments' demand to do so.  To the extent that Gilman Metals asserts that the doctrine of impossibility prevented it from performing on its admitted contractual obligations to SKS Investments, such defense is only applicable to the alleged breach for failure to pay the 10% profits.  Gilman Metals provides no facts or legal justification sustaining its impossibility

defense to the repayment of the $300,000 loan, entitling SKS Investments to judgment on that portion of its breach of contract claim.  SKS Investments has clearly established that no material issue of fact remains to be resolved on the issue, and thus it is entitled to judgment as a matter of law under Rule 12(c).

## IV. CONCLUSION

As a result, I conclude that SKS Investments is entitled to judgment on the pleadings as a matter of law, pursuant to Rule 12(c), on the portion of its breach of contract claim related to Gilman Metal's admitted failure to repay the $300,000 loan, with 5% interest, and SKS Investments' costs and expenses for collection, including reasonable attorney fees.  Therefore, I will grant SKS Investments' motion to the extent that it seeks entry of judgment on that portion of its breach of contact claim, but I deny to enter judgment on its breach of contract claim related to Gilman Metal's breach in failing to pay 10% of the net profits received from the "MTN" Program and in failing to file a UCC-1 Statement in Colorado to perfect a security interest in a barrel of mineral ore concentrate.

ACCORDINGLY, I GRANT IN PART and DENY IN PART, the Motion for Judgment on the Pleadings on Breach of Contract Claim filed by Plaintiff SKS Investments Ltd., Corp. **[Doc # 12],** and I ENTER PARTIAL JUDGMENT in favor of Plaintiff SKS Investments, and against Defendant Gilman Metals Company, LLC, in the amount of $300,000.00, with 5%

interest from October 2009 through present, and SKS Investments' costs and expenses for collection, including reasonable attorney fees.

Dated: January   23  , 2013 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, JUDGE
